IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **CHARLES POWE,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:18-cv-00927-P-BP |
| § | |
| **ANDREW M. SAUL,**[1] § | |
| **Commissioner of Social Security,** § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Charles Powe ("Powe") filed this action under 42 U.S.C. § 405(g), seeking judicial review of the denial by the Commissioner of Social Security ("Commissioner") of his application for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Title II of the Social Security Act ("SSA"). Social Security Admin. R. (hereinafter "Tr."), ECF No. 12-1. After considering the pleadings, briefs, and the administrative record, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **AFFIRM** the Commissioner's decision.

**I.  STATEMENT OF THE CASE**

Powe filed for DIB and SSI on March 14, 2014, alleging that his disability began on January 31, 2013. Tr. 15. The Commissioner initially denied his claims on September 18, 2014 and denied them again on reconsideration on January 5, 2015. Tr. 109, 119. Powe requested a hearing, which was held before Administrative Law Judge ("ALJ") Ward D. King on May 25,

---

[1] Andrew M. Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

2017 in Fort Worth, Texas. Tr. 15. The ALJ issued his decision on August 14, 2017, finding that Powe was not disabled. Tr. 24.

The ALJ employed the statutory five-step analysis and established during step one that Powe had not engaged in substantial gainful activity after January 31, 2013, the alleged disability onset date. Tr. 17. At step two, the ALJ determined that Powe had the severe impairments of type II diabetes mellitus, peripheral neuropathy, obesity, hepatitis C, and major depression. Tr. 17. At step three, the ALJ found that Powe's impairments did not meet or medically equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App. 1. Tr. 18. In particular, the ALJ concluded that Powe retained the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c). *See* Tr. 20. The ALJ also concluded that Powe is limited to unskilled work. Tr. 20. At step four, the ALJ ruled that Powe is unable to perform any of his past relevant work. Tr. 23. At step five, the ALJ ruled that Powe can perform a significant number of jobs that exist in the national economy. Tr. 23.

The Appeals Council denied review on September 18, 2018. Tr. 1. Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[T]he Commissioner's 'final decision' includes the Appeals Council's denial of [a claimant's] request for review.").

## II. FACTUAL BACKGROUND

According to Powe's pleadings, testimony at the administrative hearing, and the administrative record, Powe was born on November 10, 1955 and completed a ninth-grade education. Tr. 23, 46. He also completed specialized job training in auto mechanics and welding. Tr. 214. He was 57 years old on the alleged disability onset date. Tr. 23. His previous jobs included

welding, truck driving, and performing miscellaneous, temporary jobs. Tr. 47–49, 214. He asserts that his physical and mental impairments render him disabled under the SSA. Tr. 69.

### III. STANDARD OF REVIEW

Title II, 42 U.S.C. § 404 *et seq.* of the SSA governs the disability insurance program in addition to numerous regulations concerning disability insurance. *See* 20 C.F.R. Part 404 (2019). The SSA defines a disability as a "medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months" that prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. § 423(d) (2019); *see McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).

To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a sequential five-step analysis. 20 C.F.R. § 404.1520 (2019). First, the claimant must not be presently working at any substantial gainful activity. 20 C.F.R. § 404.1520(b) (2019). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); *see* 20 C.F.R. § 404.1572 (2019). Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(c) (2019); *see Stone v. Heckler*, 752 F.2d 1099, 1100–03 (5th Cir. 1985). Third, disability exists if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, App. 1. 20 C.F.R. § 404.1520(d) (2019). Fourth, if the claimant's medical status alone does not constitute a disability, the impairment or impairments must prevent the claimant from returning to his past relevant work. 20 C.F.R. § 404.1520(f) (2019). Fifth, the impairment must prevent the claimant from doing any work, considering the claimant's RFC, age, education, and past work experience. 20 C.F.R. § 404.1520(g) (2019); *Crowley v. Apfel*, 197 F.3d 194, 197–98 (5th Cir.

3

1999). "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). "The claimant bears the burden of showing [he] is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). Before proceeding to steps four and five, the Commissioner must assess a claimant's RFC: "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. § 416.945(a)(1) (2019).

The Court's decision is limited to a determination of whether the Commissioner applied the correct legal standards and whether substantial evidence in the record as a whole supports the decision. *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988); *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). The Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if substantial evidence is present. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Hollis*, 837 F.2d at 1383. "Conflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (citation omitted).

### IV. ANALYSIS

Powe raises three issues on appeal. He claims that the ALJ erred in (1) finding as part of the RFC that Powe was limited to unskilled work, (2) concluding that Powe could perform other

4

work, and (3) failing to consider all of Powe's impairments. The parties do not dispute that the ALJ properly applied steps one, two, and three of the five-step analysis.

### A. The ALJ did not err in finding as part of the RFC that Powe was limited to unskilled work.

A claimant's RFC is the most he can still do despite his impairments and any related symptoms. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) (2019). "The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 C.F.R. [§§] 404.1545 and 416.945." SSR 96-8p, 1996 WL 374184 (July 2, 1996). The functions in paragraphs (b), (c), and (d) relate to physical, mental, and other abilities. The ALJ considers the nature and extent of the claimant's physical limitations, mental limitations, and other relevant limitations. 20 C.F.R. § 404.1545 (2019). In determining the claimant's physical limitations, the ALJ considers evidence of the claimant's abilities to sit, stand, walk, lift, carry, push, pull, and perform other physical functions. 20 C.F.R. § 404.1545(b) (2019). In determining the claimant's mental limitations, the ALJ considers evidence of the claimant's abilities to understand, remember, and carry out instructions, as well as respond appropriately to supervision, co-workers, and work pressures in a work setting. 20 C.F.R. § 404.1545(c) (2019). The ALJ uses what is known as the "paragraph B criteria" to rate the degree of the claimant's mental limitations in four areas: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. 20 C.F.R. § 404.1520a (2019); *see* 20 C.F.R. Part 404, Subpart P, App. 1 (2019). Finally, the ALJ considers limitations and restrictions that affect other work-related abilities. 20 C.F.R. § 404.1545(d) (2019). The ALJ is not required to state in the RFC the limitations on which the RFC is based. *Cornejo v. Colvin*, 2013

WL 2539710, at *9 (W.D. Tex. June 7, 2013) (citing *Bordelon v. Astrue*, 281 Fed. App'x 418, 422–23 (5th Cir. 2008) (per curiam)).

> 1. *The RFC properly incorporated the ALJ's finding that Powe has a mild limitation in understanding, remembering, and applying information.*

The ALJ found that Powe "is able to lift, carry, push, or pull 50 pounds occasionally and 25 pounds frequently; sit, stand, or walk (either individually or in combination) throughout an 8-hour workday; and otherwise perform the full range of medium work, but he is limited to unskilled work." Tr. 20. "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a) (2019).

> The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting. A substantial loss of ability to meet any of these basic work-related activities would severely limit the potential occupational base.

SSR 85-15, 1985 WL 56857, at *4 (Jan. 1, 1985).

Here, the ALJ's finding that Powe can perform unskilled work reasonably incorporated the ALJ's ratings of Powe's mental limitations. The ALJ found that Powe has only a mild limitation in understanding, remembering, and applying information. Tr. 19. The ALJ also found that Powe has no limitation in interacting with others and adapting or managing himself. Tr. 19. Because the criteria for the ratings are so similar to the ALJ's findings, the ALJ's determination that Powe can perform unskilled work properly incorporated findings that Powe can understand, carry out, and remember simple instructions; appropriately respond to and interact with coworkers; appropriately respond to supervision and usual work situations; and deal with changes in a routine work setting. Based on the ALJ's findings, it appears that Powe does not have a substantial loss of ability to meet any of the basic mental demands of unskilled work.

> 2. *The RFC properly incorporated the ALJ's finding that Powe has a moderate limitation in maintaining concentration, persistence, and pace.*

A function-by-function assessment of nonexertional mental limitations is not necessary in an RFC, so Powe's argument that the ALJ erred by excluding such an assessment is unpersuasive. *See* Pl.'s Br. at 5. The plaintiff in *Sanchez v. Berryhill* made the same argument. *Sanchez v. Berryhill*, 2017 WL 4873716, at *4–*5 (W.D. Tex. Oct. 27, 2017). The RFC in *Sanchez* limited the plaintiff to "unskilled work with no interaction with the public, only occasional interaction with coworkers, and occasional supervision." *Id.* at *4. The plaintiff claimed that the RFC was deficient as a matter of law because it was "not a function-by-function assessment of work-related capacities affected by [the plaintiff's] moderate limitation in concentration, persistence, or pace." *Id*. The court rejected this argument because an RFC for simple unskilled work can reasonably incorporate a finding of moderate limitation in maintaining concentration, persistence, and pace. *Id.* at *9 (citing *Cornejo v. Colvin*, 2013 WL 2539710 (W.D. Tex. June 7, 2013)).

Here, the ALJ analyzed Powe's statements in his function report and testimony and found that Powe has a moderate limitation in maintaining concentration, persistence, and pace. Tr. 19; *see* Tr. 43–68. Powe does not dispute the existence of substantial evidence to support this finding of a moderate limitation. Therefore, because an RFC for unskilled work can reasonably incorporate a finding of moderate limitation in maintaining concentration, persistence, and pace, the ALJ's determination properly incorporated this finding as applied to Powe.

**B. The ALJ did not err by concluding that Powe can perform other work.**

The ALJ properly used the medical vocational guidelines to determine that Powe can perform other work. Powe asserts that the ALJ had a duty to consult a vocational expert to determine whether jobs existed that Powe could perform, but this assertion is incorrect. *See* Pl.'s Br. at 8. The ALJ must consult a vocational resource when the extent of erosion of the occupational

base is not clear. SSR 83-12, 1983 WL 31253, at *2 (Jan. 1, 1983). Here, the extent of erosion is clear: Powe can only perform medium, unskilled work.

A finding that a person can do medium work incorporates the abilities to perform sedentary and light work. 20 C.F.R. §§ 404.1567(c), 416.967(c) (2019). "Approximately 2,500 separate sedentary, light, and medium [unskilled] occupations can be identified, each occupation representing numerous jobs in the national economy. . . ." 20 C.F.R. Part 404, Subpart P, App. 2 § 203.00(a) (2019). Because approximately 2,500 jobs that Powe can perform exist in the national economy, the ALJ did not err by concluding that Powe can perform other work.

### C. The ALJ properly considered all of Powe's impairments.

When determining a claimant's RFC, the ALJ must consider all of the claimant's medically determinable impairments of which he is aware, including impairments that are not severe. 20 C.F.R. § 404.1545(a)(2) (2019). "An impairment can be considered as not severe only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985). The Court's review of the ALJ's decision is limited to determining whether the ALJ applied the correct legal standards and whether substantial evidence in the record as a whole supports the decision. *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988); *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984). "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001).

Here, Powe's argument that the ALJ failed to consider his dementia is unpersuasive because substantial evidence supports the ALJ's finding that dementia is not one of Powe's severe impairments. The ALJ considered evidence that supports a finding of dementia alongside evidence

that opposes such a finding. *See* Tr. 712–861. On March 25, 2015, a physician examined Powe and stated that his findings were consistent with dementia, but he did not note a dementia diagnosis. *See* Tr. 829. Subsequent office treatment records and progress notes—which are credible medical findings—reflect that although Powe visited many health care providers after March 25, 2015, none of these providers diagnosed him with dementia. *See* Tr. 712–861. The ALJ could reasonably infer from the lack of a dementia diagnosis that dementia does not significantly limit Powe's ability to perform basic work activities. Because credible medical findings support the ALJ's decision, substantial evidence supports the ALJ's finding that Powe does not have the severe impairment of dementia.

Additionally, even if substantial evidence did not support the ALJ's finding, the Court would only reverse the ALJ's decision for this reason if the claimant were prejudiced by the lack of substantial evidence. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Id.* at 557 n.22. Powe fails to meet this standard. He argues that the ALJ "rendered the Decision [that he does not have a severe impairment of dementia] in error of the law and not based upon substantial evidence[,]" which "prejudiced the Plaintiff's right to a fair administrative review. . . ." Pl.'s Br. at 10. However, Powe fails to provide evidence for this argument, and he does not show that additional evidence would have been produced and might have altered the result. Therefore, the Court should not reverse the ALJ's decision for lack of substantial evidence.

## V. CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **AFFIRM** the Commissioner's decision.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2019) and Fed. R. Civ. P. 72(b)(1) (2019). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on **November 13, 2019**.

/s/ Hal R. Ray, Jr.
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE